## Case No. 16,620.

### UNITED STATES v. The VICTORIA PEREZ.

[8 Ben. 109.] [1]

District Court. E. D. New York. May, 1875.

FRAUDULENT REGISTER — A VESSEL WRECKED AT SEA IS NOT "A VESSEL WRECKED IN THE UNITED STATES"—ACT DEC. 23, 1852 (REV. ST. U. S. § 4136); ACT JULY 18, 1866 (ID. § 4189) — EVIDENCE.

1. A Swedish vessel, abandoned at sea, was picked up by a steamer and towed into New

[1] [Reported by Robert D. Benedict. Esq.. and Benj. Lincoln Benedict. Esq., and here reprinted by permission.]

York, where she was libelled for salvage and sold. Her purchaser, G., put repairs on her to the amount of three-fourths of her value when repaired, and thereafter procured from the secretary of the treasury an American register for her as being "a vessel wrecked in the United States," under the act of December 23, 1852 (Rev. St. U. S. § 4136 [10 Stat. 149]). Subsequently a libel was filed against her on behalf of the United States to forfeit her under the 24th section of the act of July 18, 1866 (Rev. St. U. S. § 4189 [14 Stat. 184]), as not being entitled to the register, such register being obtained or used knowingly and fraudulently. *Held*, that the construction put on the act of 1852 by the treasury department, and long acquiesced in, should not now be set aside unless convincing reason be given against such a construction.

2. No such reason appeared.

3. The vessel was not "a vessel wrecked in the United States," and was not entitled to the register which was obtained for her.

4. The fact that the register was obtained on a false representation of the circumstances attending the wreck of the vessel, made by the agent of G., and supported by a forged protest, was evidence that the register was fraudulently obtained.

5. The production of the forged protest and other papers from the files of the New York custom house, with proof that they were the only documents on file there in connection with the issuing of the register, and the fact that G., the owner, when examined as a witness in the cause and shown the papers in question, did not intimate that they were not the papers used in obtaining the register, was sufficient evidence that they were the papers presented to the secretary of the treasury, and on which the register was obtained.

George W. Hoxie, Asst. U. S. Dist. Atty. J. H. Choate, for claimants.

BENEDICT, District Judge. This is a proceeding to forfeit the brig Victoria Perez under the act of July 18, 1866 (Rev. St. U. S. § 4189). To warrant a decree of forfeiture under section 24 of the act of 1866, it must appear that the vessel was not entitled to the benefit of the register, obtained or used for her, and that such register was obtained or used knowingly and fraudulently.

The first question of this case, therefore, is whether the brig Victoria Perez is entitled to the benefit of an American register. The facts bearing upon this question are that the vessel was a Swedish vessel called the "Teya," and that, while on a voyage to Europe from New York, she met with a disaster, and was abandoned at sea. She was afterwards picked up at sea by the steamship Australia and brought into the port of New York. She thus returned to the waters of the United States, a wreck in charge of salvors. After her arrival in New York, she was purchased and repaired by John 'H. Gardiner, a citizen of the United States. The repairs put upon her equalled three-fourths of the cost of the vessel when so repaired; and by virtue of the act of December 23, 1852 (Rev. St. U. S. § 4136), she became entitled to the benefit of an American register, provided she comes within the designation of "a vessel wrecked in the United States."

It has been contended, not without force, that a vessel abandoned at sea and by salvors brought directly from sea into a port of the United States as a wreck is "a vessel wrecked in the United States," within the meaning of the act of 1852. But this act has been understood to require that the vessel be actually wrecked within the waters of the United States. Such at least has long been the construction put upon it by the department of the treasury, and this construction appears in the treasury regulations. A construction of such an act which has been adopted by the department required to administer the law, and has been long acquiesced in, and which finds support in the language of the statute as well as in the object of the navigation laws of the United States, should not at this late day be set aside, unless convincing reason be given against such a construction. No such reasons appear to me and I therefore hold that this vessel, having been wrecked at sea and then brought into the United States, was not a vessel wrecked in the United States and consequently was not entitled to the benefit of an American register.

It remains to determine whether the American register obtained for this vessel was knowingly and fraudulently obtained. It is clear that fraud was practiced in obtaining the register, for it was obtained upon a false representation of the circumstances attending the wreck of the vessel, made to meet the requirements that she should be shown to have been wrecked within the waters of the United States; and this representation was supported by a fictitious and forged protest, plainly gotten up for the purpose of misleading the secretary of the treasury. The false representation was made by an agent of Gardiner, who then owned the vessel, and a copy of the forged protest, accompanied with original papers signed by Gardiner, formed part of the evidence offered in support of the application. No fact is proved which could afford justification for the statement or the belief that the vessel was wrecked within the waters of the United States, and it is manifest that Gardiner had reason to know the fact to be otherwise. I find no difficulty, therefore, in charging Gardiner, the owner of the vessel, with knowledge of the fraud which was practiced upon the secretary of the treasury.

A question has been made as to the sufficiency of the evidence that the American register was issued upon the forged protest and other documents produced in court, inasmuch as there is no proof that these documents were the documents presented to the secretary of the treasury in support of the application for an American register, except the fact that they are the only documents on file in the New York custom house in connection with the issuing of this register, and that they form the record there of the action of the collector in the premises. But Gardiner,

the owner of the vessel, upon whose application the American register was granted, was upon the stand as a witness. These documents were before him as the documents constituting his application; and he did not intimate, even. that they were not the papers presented by his agent, with his knowledge, in support of his application for the register in question. The silence of the owner under such circumstances is equivalent to an admission that these papers produced before him are the documents which formed his application, and upon which he obtained the register which was issued.

A decree must therefore be entered, condemning the vessel, with costs.